IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL Action Number: 1:04CV01206

CORWIN D. ARMSTRONG, )
    Plaintiff, )
) PLAINTIFF'S REPLY
) TO MOTION TO STAY AND
v. ) TO COMPEL ABRITRATION
) PURSUANT TO THE FEDERAL
DUKE UNIVERSITY, THE FUQUA ) ACT and ALTERNATIVELY TO
SCHOOL OF BUSINESS ) DISMISS
    Defendant, )

## REPLY TO MOTION TO STAY AND TO COMPEL ARBITRATION
## and
## ALTERNATIVELY TO DISMISS

COMES NOW Plaintiff named as Corwin D. Armstrong opposing Defendant's motion to stay or to compel arbitration and alternatively to dismiss. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as Plaintiff brings a federal question pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1981a; and/or 42 U.S.C. § 2000(e). Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202 as this is a preceding seeking a judgment to declare illegal the acts and practices of the Defendant complained of in the initial pleading as well as in this Reply as being in violation of the rights and protections provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981a, and other state and federal anti-discrimination laws. Finally, this Court has jurisdiction because Plaintiff alleges that Defendant's arbitration agreement and dispute resolution procedures, either in whole

- 1 -

or in part, are in violation of fundamental principles of contract theory or federal laws concerning civil rights and anti-discrimination statutes.

Plaintiff challenges the validity of the binding arbitration agreement on several contract theories including: 1) lack of mutual assent; 2) lack of performance on Defendant's part by failing to make the procedure available to the Plaintiff at any time during his employment, even when Plaintiff requested assistance with resolving issues purportedly covered by the agreement; and 3) unconscionability based on the use of vague and non-explicit language in the dispute resolution clause which appears innocuous but has great import and detriment to unsuspecting job applicants who have no reason to realize or to suspect the magnitude of what Defendant is trying to get them to forfeit when they sign an application for employment.

Alternatively, even if the Court finds this dispute resolution clause and the private dispute resolution procedure not to be in contravention of any of the fundamental principles of contract theory, Plaintiff seeks the removal by the Court of all clauses within the dispute resolution clause or procedure that are unconscionable or in contravention of substantive remedies or relief afforded Plaintiff by federal and state civil rights and anti-discrimination laws.

Finally, if the Court finds an binding arbitration agreement worth upholding under contract theory, Plaintiff asserts that as an employee involved with the transport of Defendant's goods, services, and persona to various interstate and foreign destinations, he was in effect a modern-day transportation worker and should be exempted from the strictures of the Federal Arbitration Act.

In support of this Reply, Plaintiff submits a declaration contesting some of the statements that Defendant submitted in support of its motion in the Declaration of Denise L. Evans.

WHEREFORE, Plaintiff respectfully seeks that Defendant's motion be denied, that this suit be neither stayed, committed to binding arbitration, nor dismissed. Alternatively, if the Court finds that Plaintiff entered a binding arbitration agreement, Plaintiff seeks Court review of the agreement and terms as well as a removal of any terms limiting or offending statutory or common law relief available to Plaintiff under applicable civil rights and anti-discrimination laws set forth in the original Complaint..

This the 12 day of February, 2005.

*Corwin D. Armstrong*
Corwin D. Armstrong
*Pro Se*
2 Weathergreen Court
Durham, North Carolina 27713
919-493-5678

STATE OF NORTH CAROLINA
COUNTY OF WAKE
02/12/2005

[Notary signature]
Expires: 10-14-2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CIVIL Action Number: 1:04CV01206

| | |
|---|---|
| CORWIN D. ARMSTRONG, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DUKE UNIVERSITY, THE FUQUA | ) |
| SCHOOL OF BUSINESS | ) |
|     Defendant, | ) |

## CERTIFICATE OF SERVICE

This letter is to certify that the Defendant was served Plaintiff's Reply to the Motion to Stay and to Compel Arbitration and Alternatively to Dismiss by sending a copy of the Reply via the United States Postal Service using First Class Mail to its attorney of record at the following address:

    C. Matthew Keen
    Robert A. Sar
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    2301 Sugar Bush Road
    Suite 600 (27612)
    Post Office Box 31608
    Raleigh, NC 27622

This the _12_ day of February, 2005.

                                              /s/ Corwin D. Armstrong
                                              Corwin D. Armstrong
                                              *Pro Se*
                                              2 Weathergreen Court
                                              Durham, North Carolina 27713
                                              919-493-5678

*[Handwritten notary block:]*
STATE OF NORTH CAROLINA
County of WAKE
02/12/2005
Ferdinand Conway
    expires: 10-14-2006